IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA CARTON<br><br>DAVID COHEN<br><br>GUY BARRETTA<br><br>CINDY CADE<br><br>VICTOR MARTINEZ<br><br>JEREMY DEL PRIORE<br><br>CHRISTOPHER TYNDORF<br><br>DAVID MARGULIES<br><br>    Plaintiffs,<br><br>    v.<br><br>STERLING INFOSYSTEMS, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 1:10-cv-07827-RJS<br>) ECF Case<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, individually and as class representatives on behalf of themselves and all others similarly situated, by their attorneys Woodley & McGillivary and Pitta & Giblin, allege as follows:

1. The plaintiffs are employees or former employees of the defendant, and they bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) ("F.R.C.P.") and as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of

themselves and all others similarly situated because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation. Plaintiffs also bring individual and representative wage claims under New York Labor Law (NYLL) Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations and the FLSA, 29 U.S.C. § 201 *et seq.* Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.* and New York Labor Law Article 19 §§ 650 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367 and 29 U.S.C. § 216(b). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. At all times material herein, each named plaintiff has been employed by the defendant Sterling InfoSystems, Inc., which formerly did business as Sterling Testing Systems, Inc. until June 2008, (hereinafter "Sterling") in occupations involving sales, regardless of job title, including but not necessarily limited to persons working as "commission salesperson," "Regional Sales Director," and/or members of defendant's sales team (hereinafter "salespersons"). Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such consents are appended to the Complaint. These consents set forth plaintiffs' names and addresses. Plaintiffs bring this action as a class action in accordance with F.R.C.P. 23(a) and as a collective action on behalf of

themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b).

4. Sterling is a Delaware corporation with its principal place of business in New York. Its headquarters is at 249 West 17th Street, Floor 6, New York, NY 10011.

5. Defendant Sterling is an "employer" within the meaning of 29 U.S.C. §203(d) and New York Labor Law Article 19 §§ 651(6) and a "person" within the meaning of 29 U.S.C. § 203(a).

6. At all times material to this action, defendant Sterling has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1).

## COUNT I

## FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS

7. Plaintiffs bring Count I, on behalf of themselves and all other similarly situated workers who work or have worked for Sterling between October 13, 2007 and the final date of judgment, and who opt in to this action.

8. Defendant is liable under the FLSA for failing to properly compensate plaintiffs. There are many similarly situated current and former employees of defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendant, are readily identifiable, and can be located through defendant's records. Notice should be sent to these employees pursuant to 29 U.S.C. § 216(b).

9. At all times material herein, plaintiffs and similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

10. At all times material herein, plaintiffs and similarly situated employees have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiffs and similarly situated employees have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

11. Plaintiffs and similarly situated employees worked and continue to work beyond 40 hours per workweek; yet, they do not receive any premium pay for hours worked in excess of 40 hours in a workweek.

12. 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. At all times material herein, defendant has violated, and continues to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and similarly situated employees for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed.

13. Defendant has deprived the plaintiffs and similarly situated employees of overtime compensation by failing to compensate them for the time that they work in excess of 40 hours in a workweek.

14. Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

15. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs and similarly situated employees for which the defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

16. The employment and work records for the plaintiffs and similarly situated employees are in the exclusive possession, custody, and control of defendant Sterling, and plaintiffs are unable to state at this time the exact amount owing to each of them. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## Count II

## NEW YORK CLASS ACTION ALLEGATIONS

17. Plaintiffs bring Count II, NYLL claims, under the F.R.C.P. 23(a) on behalf of themselves and a class of persons consisting of: All persons working in occupations involving sales, regardless of job title, including but not necessarily limited to persons working as "commission salesperson," "Regional Sales Director," and/or members of defendant's sales team (hereinafter "salespersons") who work or have worked for Sterling in the United States between October 13,

2004 and the date of final judgment.

18. The members of the class are so numerous that joinder of all members is impracticable. Although the precise number of such class members is unknown, the class is between 70 and 100 persons. The facts on which the calculation of that number depends are presently within the sole control of the defendant.

19. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory and compensatory relief with respect to the class as a whole.

20. Common questions of law and fact exist as to the class that predominate over any questions affecting them individually and include, but are not limited to, the following:

   a. Whether defendant violated NYLL Article 19, § 650, *et seq.* and the supporting New York State Department of Labor Regulations as alleged herein;

   b. Whether defendant paid plaintiffs and the class overtime for hours worked in excess of 40 per workweek;

   c. Whether defendant's policy of failing to pay overtime to plaintiffs and the class was instituted willfully or with reckless disregard for the law; and

   d. The nature and extent of the class-wide injury and the measure of damages for those injuries.

21. The claims of plaintiffs are typical of the claims of the class they

seek to represent. Plaintiffs have all worked as salespersons and in related occupations for defendant and have not been paid overtime for hours worked in excess of 40 in a workweek. All plaintiffs and class members enjoy the same statutory rights under NYLL. All plaintiffs and class members signed agreements with defendant stating that the laws of New York governed their employment. All plaintiffs and class members have sustained similar types of damages as a result of defendant's failure to comply with NYLL. Plaintiffs and class member have all been injured in that they have been uncompensated or under-compensated due to defendant's common policies, practices, and patterns of conduct.

22. Plaintiffs will fairly and adequately represent and protect the interests of the class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between plaintiffs and the class.

23. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the class have been damaged and are entitled to recovery as a result of Defendant's violations of NYLL. In addition, class litigation is superior because it will obviate the need for unduly duplicative lawsuits that might result in inconsistent judgments about defendant's practices.

24. This action is properly maintainable as a class action under F.R.C.P. 23(a).

25. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

26. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendant and protect plaintiffs and class members.

27. 12 NYCRR § 142-2.2 requires an employer "to pay an employee overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act of 1938 ...." 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. At all times material herein, defendant has violated, and continue to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and class members for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed.

28. Defendant has failed to pay plaintiffs and class members overtime wages to which they are entitled under the FLSA and NYLL and its supporting regulations.

29. Plaintiffs and class members worked and continue to work in excess of 40 hours per workweek yet do not receive any premium pay for hours worked in excess of 40 hours in a workweek.

30. Due to defendant's violations of NYLL, plaintiffs and class members are entitled to recover from defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment

and post-judgment interest.

## REMEDY SOUGHT

Wherefore, the plaintiffs request that this Court grant relief against the defendant as follows:

(a) Enter a declaratory judgment declaring that the defendant has willfully and wrongfully violated its statutory and legal obligations and deprived plaintiffs, class members, and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs, class members, and all others who are similarly situated are entitled;

(c) Award plaintiffs, class members, and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal and New York law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d) Award plaintiffs, class members and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

*[signature]*

Gregory K. McGillivary
Molly A. Elkin
Sara L. Faulman
WOODLEY & McGILLIVARY
1101 Vermont Avenue, NW, Suite 1000
Washington, DC 20005
(202) 833-8855
(202) 452-1090 (Facsimile)
gkm@wmlaborlaw.com
mae@wmlaborlaw.com
slf@wmlaborlaw.com

_____

Vincent M. Giblin
Pitta & Giblin, LLP
120 Broadway – 28th Floor
New York, New York 10271
vgiblin@pittagiblin.com

Attorneys for Plaintiffs

## CONSENT TO BECOME PARTY IN AN ACTION
## TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 10/13/10

_____
SIGNATURE

Alexandra N Cartan
PRINT NAME

30 East 74th Apt 5H
STREET ADDRESS

New York, NY 10021
CITY. STATE. ZIP CODE

## CONSENT TO BECOME PARTY IN AN ACTION
## TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 8/18/10

_David L. Chen_
SIGNATURE

_David L. Cohen_
PRINT NAME

_9 Nursery Court_
STREET ADDRESS

_Huntington, NY 11743_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY IN AN ACTION
## TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: August 25, 2010

_Guy Barletta_
SIGNATURE

_Guy Barletta_
PRINT NAME

_36 H Second St._
STREET ADDRESS

_Fanwood NJ 07023_
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY IN AN ACTION TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 9/29/10

SIGNATURE

Jeremy Del Priore
PRINT NAME

168 Morrison Ave
STREET ADDRESS

SI, NY, 10310
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY IN AN ACTION
## TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: September 15/2010

SIGNATURE

CHRISTOPHER TYNDORF
PRINT NAME

322 WALLMAN
STREET ADDRESS

Brooklyn NY 11220
CITY, STATE, ZIP CODE

## CONSENT TO BECOME PARTY IN AN ACTION
## TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent that I have worked for Sterling Infosystems, a/k/a Sterling Testing Systems, ("the Company"), and that the Company failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

DATE: 10/12/10

SIGNATURE

DAVID R. MARGULIES
PRINT NAME

55 CEDAR AVE.
STREET ADDRESS

FARMINGDALE, NY 11735
CITY, STATE, ZIP CODE